D.LAW, INC.
Emil Davtyan (SBN 299363)
emil@d.law
David Yeremian (SBN 226337)
d.yeremian@d.law
Alvin B. Lindsay (SBN 220236)
a.lindsay@d.law
450 N Brand Blvd., Suite 840
Glendale, CA 91203
Telephone: (818) 962-6465
Fax: (818) 962-6469

Attorneys for Plaintiff Ana Lemus

JONES DAY
Koree B. Wooley (SBN 294489)
kbwooley@jonesday.com
Cindi L. Ritchey (SBN 216899)
critchey@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121.3134
Telephone: +1.858.314.1200
Facsimile: +1.844.345.3178

Attorneys for Defendant
Nationwide Mutual Insurance Company

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANA L. LEMUS, an individual, on behalf of herself and others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation; and DOES 1-50, inclusive,<br><br>*Defendants*. | Case No. 2:23-cv-01871-DAD-SCR<br><br>**JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION, INCLUDING PLAINTIFF'S INDIVIDUAL CLAIMS WITH PREJUDICE AND PRE-CERTIFICATION CLASS CLAIMS WITHOUT PREJUDICE; [PROPOSED] ORDER**<br><br>Complaint Filed: July 17, 2023<br>Trial Date: None Set |

Defendant Nationwide Mutual Insurance Company ("Defendant") and Plaintiff Ana L. Lemus ("Plaintiff") (collectively "the Parties"), by and through their respective attorneys of record, hereby stipulate to voluntarily dismiss Plaintiff's entire case, including her individual claims with prejudice and the pre-certification class claims without prejudice and without notice by the Court, pursuant to Rule 41(a)(1)(A)(ii) and Rule 23(e) of the Federal Rules of Civil Procedure.

## BACKGROUND

1. On July 17, 2023, Plaintiff filed a class action complaint in the Superior Court of California, County of Sacramento, alleging various wage and hour claims against Defendant on behalf of herself and a putative class comprised of current and former nonexempt employees of Defendant in California. On August 30, 2023, Defendant removed the lawsuit (the "Federal Action") to this Court where it remains pending. To date, there has been no scheduling conference or trial date set in the Federal Action.

2. On November 27, 2023, Plaintiff filed a representative Labor Code Private Attorneys General Act ("PAGA") complaint in the Superior Court of California, County of Sacramento (the "PAGA Action") seeking civil penalties under PAGA for alleged violations of the Labor Code based on the same underlying factual allegations and on behalf of the same group of employees set forth in the complaint filed in the Federal Action.

3. The Parties attended a private mediation in January 2025 and reached a global resolution of the Federal Action and PAGA Action, and entered into a settlement agreement that was fully executed as of April 4, 2025 ("Settlement Agreement"). As part of the Settlement Agreement, the Parties agreed to seek preliminary and final approval of the settlement in the PAGA Action. On April 11, 2025, Plaintiff filed a First Amended Complaint in the PAGA Action that includes the factual allegations and class and representative claims asserted in both the Federal Action and the PAGA Action. All of the class claims asserted in this Federal Action were therefore subsumed within the PAGA Action.

4. On November 7, 2025, the court in the PAGA Action granted final approval of the Settlement Agreement and entered an Order Granting Final Approval of Class Action and PAGA Settlement and Judgment (the "Judgment") that disposes of all of the claims asserted in this Federal Action and the PAGA Action. Attached as **Exhibit 1** is a true and correct copy of the Court Judgment.

## STIPULATION

**IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

Subject to Court approval, the Parties stipulate that the voluntary dismissal of the entire action, including pre-certification dismissal of class claims without notice by the Court to putative class members, is appropriate because all of the claims asserted in this Action are barred by the doctrines of res judicata and release, based on the final approval granted by the Sacramento County Superior Court of the Settlement Agreement and the Judgment entered in the PAGA Action. As part of the approval process for the Settlement Agreement, putative class members in the PAGA Action received notice of the Settlement Agreement consistent with the requirements of due process and had the opportunity to object or opt out of the settlement of the PAGA Action. In addition, neither Plaintiff nor her attorneys have made any concessions with respect to the interests of the putative class in order to further their own interests, and the Parties are unaware of any media attention given to this Action. In this Action, the Parties seek a dismissal with prejudice only as to Plaintiff's individual claims, and seek a dismissal without prejudice of Plaintiff's class claims, so no notice to putative class members is required in this Action. *See, e.g., Rodriguez v. Nationwide Mut. Ins. Co*., 2017 U.S. Dist. LEXIS 237338 at *9 (C.D. Cal. Nov. 16, 2017) (class notice not required where potential class members not prejudiced by dismissal of the action).

The Parties hereby stipulate and request that the Court approve this Joint Stipulation for Dismissal of Entire Action, dismissing Plaintiff's individual claims with prejudice and the putative class claims without prejudice. In accordance with Rule 23(e), the dismissal of the uncertified class may be approved without notice by the Court to members of the proposed class because the dismissal would not prejudice any putative class members.

**IT IS SO STIPULATED.**

Dated: November 14, 2025

JONES DAY

By: */s/ Koree Wooley*
Koree Wooley

Attorneys for Defendant NATIONWIDE MUTUAL INSURANCE COMPANY

Dated: November 14, 2025

D. LAW, Inc.

By: */s/ Alvin B. Lindsay (as authorized on 11/13/25)*
Alvin B. Lindsay

Attorneys for Plaintiff ANA LEMUS

## [PROPOSED] ORDER

Having considered the Joint Stipulation for Dismissal of Entire Action between all Parties, and good cause appearing,

**IT IS ORDERED** as follows:

1. All of Plaintiff's individual claims are dismissed with prejudice. The putative class claims, which have not been certified, are dismissed without prejudice;
2. The dismissal of the uncertified class claims is approved without notice by the Court to members of the proposed class; and
3. This Action is hereby dismissed in its entirety.

Dated: ______________________

______________________________
HON. DALE A. DROZD
United States District Judge