# EXHIBIT 1

**D.LAW, INC.**
Emil Davtyan (SBN 299363)
Emil@d.law
David Yeremian (SBN 226337)
david@yeremianlaw.com
Alvin B. Lindsay (SBN 220236)
a.lindsay@d.law
Enoch J. Kim (SBN 261146)
e.kim@d.law
Antonia McKee (SBN 344511)
a.bliznets@d.law
450 N Brand Blvd., Suite 840
Glendale, CA 91203
Telephone: (818) 962-6465
Fax: (818) 962-6469

Attorneys for Plaintiff ANA LEMUS,
on behalf of herself and others

FILED
Superior Court of California
County of Sacramento
11/07/2025
V. Aleman, Deputy

Electronically Received 10/16/2025 05:30 PM

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF SACRAMENTO**

ANA L. LEMUS, an individual, on behalf of herself and others similarly situated**,**

Plaintiff,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation; and DOES 1-50, inclusive,

Defendants.

Case No. 23-CV-012222

CLASS ACTION

Assigned for All Purposes To:
Hon. Lauri Damrell
Dept. 22

**~~[PROPOSED]~~ ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT AND JUDGMENT**

Date: November 7, 2025
Time: 9:00 a.m.
Dept.: 22

Original Complaint Filed: November 27, 2023
First Amended Complaint Filed: April 11, 2025
Trial Date: None Set

**ORDER AND JUDGMENT**

On June 6, 2025, the Court entered an Amended Order Granting Plaintiff's Motion for Preliminary Approval of Class Action and PAGA Settlement, which granted conditional class certification, approval of the Class Notice, set a Final Approval Hearing (the "Preliminary Approval Order"), and preliminarily approved a settlement of the above-entitled action (the "Action") that was reached between Plaintiff Ana Lemus ("Plaintiff") and Defendant Nationwide Mutual Insurance Company ("Defendant") (together with Plaintiff, the "Parties"), in accordance with the Parties' Class Action and Private Attorneys General Act Settlement and Release Agreement, as amended by the First Amendment and Second Amendment to Class Action and Private Attorneys General Act Settlement and Release Agreement (the "Settlement").

Plaintiff's Motion for Final Approval of Class Action and PAGA Settlement, including a motion for payment of Attorneys' Fees, Litigation Costs, Enhancement Payment, Settlement Administration Costs, and civil penalties pursuant to the Private Attorneys General Act ("PAGA"), and whether the Settlement should be finally approved as fair, reasonable, and adequate as to Class Members, came before Department 22 of this Court, the Honorable Lauri Damrell presiding, on November 7, 2025. Due and adequate notice having been given to Class Members, and the Court having reviewed the Settlement and duly considered Plaintiff's Motion for Final Approval of Class Action and PAGA Settlement, the supporting declarations and exhibits thereto, all other papers filed and proceedings had hereto, the record in this Action, and any oral argument, and good cause appearing, THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:

1. The Court, for purposes of this Order, adopts and incorporates by reference all terms and definitions as set forth in the Settlement and confirmed below. The Settlement, as amended by the Parties' Amendment and Second Amendment to Class Action and Private Attorneys General Act Settlement and Release Agreement (attached as Exhibit 4 to the Second Supplemental Declaration of Antonia McKee in Support of Plaintiff's Motion for Preliminary Approval of Class Action and PAGA Settlement filed with the Court on May 29, 2025), is made part of this Order.

2. The Court has considered all relevant factors for determining the fairness of the

Settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that the Settlement was made and entered into in good faith, the terms of which are fair, reasonable, and adequate; was reached following meaningful discovery and investigation conducted by Plaintiff and her counsel of record ("Class Counsel"); is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and therefore, meets the requirements for final approval.

3. In so finding, the Court has considered all the evidence presented, including evidence regarding the strength of Plaintiff's claims; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the settlement amount offered; the extent of investigation and discovery completed; and the experience and views of Class Counsel. The Court has further considered the absence of any objections to the Settlement. Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Final Approval and **ORDERS** judgment to be entered in accordance with the terms herein ("Final Judgment").

4. The Court finally certifies, for settlement purposes only, the following Class, Settlement Class, or Class Members: All non-exempt employees based in California and employed by Nationwide at any time from July 17, 2019 through April 14, 2025 ("Class Period").

5. The PAGA Group is defined as follows: All persons who were classified as nonexempt and employed in California at any time between September 23, 2022 through April 14, 2025.

6. The deadline to request exclusion from or to submit written objections to the Settlement was September 22, 2025. Two timely Requests for Exclusion were received, from Linda Olesh and Nicole Waite. Accordingly, Ms. Olesh and Ms. Waite are excluded from the Class. All Class Members who did not request exclusion from the Settlement had an opportunity to object to the Settlement. No written objections were received.

7. The Court-approved Notice of Class Action Settlement (the "Class Notice"), which was provided to the Class pursuant to the plan for distribution described under the Settlement, conformed with the requirements of California Rules of Court 3.766 and 3.769, and constituted the best notice practicable under the circumstances, by providing Class Members individual and

adequate notice of all material elements of the proposed settlement and of the opportunity to opt out of the class portion of the Settlement or to object to the Settlement, and other relevant information concerning the proceedings. The Class Notice fully satisfied the requirements of due process and provided the Class Members with adequate instructions and a variety of means to obtain additional information.

8. The Court finds that a full opportunity has been afforded to Class Members to object to the Settlement and participate in the Final Approval Hearing, and all Class Members and other persons wishing to be heard have been heard and/or had an opportunity to be heard. Class Members have had a full and fair opportunity to exclude themselves from the Settlement or object to the Settlement. Accordingly, the Court determines that all Class Members who did not timely request exclusion from the Settlement ("Participating Class Members") are bound by this Final Approval Order and Judgment.

9. The settlement of civil penalties under PAGA in the total amount of fifty thousand dollars ($50,000.00) is approved. The PAGA Settlement Amount shall be allocated from the Gross Settlement Amount and distributed as follows: 25% ($12,500.00) to PAGA Group Members and 75% ($37,500.00) to the California Labor and Workforce Development Agency ("LWDA").

10. The Court confirms the appointment of Plaintiff Ana Lemus as the Class Representative and PAGA representative, for settlement purposes only. In addition to any recovery that Plaintiff is eligible to receive under the Settlement as a Class Member, the Court approves and orders an Enhancement Payment to Plaintiff in the amount of $5,000.00 from the Gross Settlement Amount for her role and service as the Class Representative, and for the risks and work attendant to that role.

11. The Court confirms the appointment of D. Law Inc. as Class Counsel, for settlement purposes only, as they are experienced in wage and hour class action litigation, have no apparent conflicts of interest with Plaintiff or other Class Members, and have the requisite qualifications, experience and skill to protect and advance the interests of the Class. The Court approves and orders the payments to Class Counsel from the Gross Settlement Amount in the amount of ~~$308,000.00~~ $296,189.33 for reasonable attorneys' fees, which is approximately one-third of the Gross Settlement Amount, and

$33,199.46 for reimbursement of litigation costs actually incurred. The Court finds that these amounts are reasonable considering the benefits provided to the Class.

12. The Court confirms the appointment of Apex Class Action, LLC as the Settlement Administrator, who has fulfilled its initial notice and reporting duties. The Court approves and orders the payment to the Settlement Administrator in the amount of $11,880.00 from the Gross Settlement Amount for its services and costs of administering the Settlement.

13. Upon the Effective Date, Plaintiff and all Participating Class Members shall release claims against all Released Parties as follows:

a. "Released Parties" means Nationwide Mutual Insurance Company, and its respective former and present parents, subsidiaries, affiliated corporations and entities, successors, insurers, clients, and vendors and independent contractors through which Nationwide conducts business, and each of their respective current, former, and future officers, directors, members, managers, employees, consultants, vendors, independent contractors, clients, partners, shareholders, joint venturers and third-party agents, and any successors, assigns, legal representatives, or any individual or entity which could be jointly liable with Nationwide and all persons or entities acting by, through, under, or in concert with any of them.

b. **Release of Claims by Plaintiff and Class Members.** In consideration of the monetary sum provided by Defendant and upon the Effective Date and Defendant's funding of the Gross Settlement Amount, Plaintiff and each of the Participating Class Members on behalf of themselves, their heirs, spouses, executors, administrators, attorneys, agents, assigns, and any entities or businesses in which any of them have a controlling ownership interest, shall fully and finally release and discharge the Released Parties from any and all claims, rights, demands, liabilities, and causes of action of any kind arising from the alleged violation of any provision of common law, California law and/or federal law that occurred during the Class Period that were pled in either Action, or Plaintiff's LWDA letter, or

which could have been pled based on the facts alleged in either Action, including claims for: failure to timely pay all wages (California Labor Code §§ 201, 202, 203, 204, 210, 558); failure to pay all minimum, overtime and reporting time wages, including with respect to the rate at which such wages are paid (California Labor Code §§ 204, 222, 218, 218.5, 510, 558, 1182.12, 1194, 1194.1, 1194.2, 1197, 1197.1, and applicable sections of the relevant Order of the Industrial Welfare Commission); meal and rest period violations, including with respect to the rate at which premiums are paid (California Labor Code §§ 226.7, 512, 516, 558, and applicable sections of the relevant Order of the Industrial Welfare Commission); failure to provide sick pay or properly pay sick time, including with respect to the rate at which it was paid (California Labor Code §§ 233, 246, 248, 248.5); failure to produce requested records (Cal. Lab. Code §§ 226, 1198.5); failure to provide information upon hiring (Cal. Lab. Code § 2810.5); failure to pay vested vacation time at termination, including with respect to the rate at which it was paid (California Labor Code §§ 227.3, 558); failure to reimburse all necessary business expenses, including but not limited to expenses related to cell phones, internet, home office expenses/supplies, job-related training courses, transportation, mileage, lodging, uniforms, and more (California Labor Code §§ 2802, 2804); unlawful deductions (California Labor Code § 221); violation of the IWC California Wage Orders; failure to provide accurate wage statements (Cal. Lab. Code §§ 226, 226.3, 558); failure to maintain records (California Labor Code § 226, 1174, 1174.5); unfair competition in violation of California Business and Professions Code section 17200 et seq.; violation of the federal Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.,); violation of the California Investigative Consumer Reporting Agencies Act (California Civil Code § 1786 et seq.); and any damages, penalties, restitution, disgorgement, interest, costs, or attorneys' fees as a result thereof, and that arose during the Class Period ("Released Claims"). The Released Claims do not include claims to enforce this Agreement or the Settlement

Agreement, or claims that may not be released as a matter of law, including, for example, claims for vested benefits under an ERISA, 401(k), or similar plan, wrongful termination, violation of the Fair Employment and Housing Act, unemployment insurance, disability, social security, workers' compensation, or claims based on facts occurring outside of the Class Period.

i. This settlement and the judgment entered thereon shall have res judicata effect precluding Plaintiff and the Participating Class Members from initiating any other proceedings regarding claims released pursuant to this Agreement.

14. Upon the Effective Date, Plaintiff, PAGA Group Members, and the State of California shall release PAGA claims as follows:

c. **Release of PAGA Claims.** For the avoidance of doubt, Class Members/PAGA Group Members have no opt out rights as to the PAGA portion of the settlement of the Actions. Accordingly, upon the Effective Date, in consideration of the PAGA Settlement Amount, Plaintiff, on behalf of herself and the State of California, and all PAGA Group Members, waive, fully release and forever discharge the Released Parties from any and all claims under PAGA pled in the Actions, or Plaintiff's LWDA letter, or that could have been asserted based on the facts alleged in the Actions against Nationwide, including, but not limited to, claims for: failure to timely pay all wages (California Labor Code §§ 201, 202, 203, 204, 210, 558); failure to pay all minimum, overtime and reporting time wages, including with respect to the rate at which such wages are paid (California Labor Code §§ 204, 218, 218.5, 222, 510, 558, 1182.12, 1194, 1194.1, 1194.2, 1197, 1197.1, 1198 and applicable sections of the relevant Order of the Industrial Welfare Commission); meal and rest period violations, including with respect to the rate at which premiums are paid (California Labor Code §§ 226.7, 512, 516, 558, and applicable sections of the relevant Order of the Industrial Welfare Commission); failure to provide sick pay or properly pay sick time, including with respect to the rate at

which it was paid (California Labor Code §§ 233, 246, 248, 248.5); failure to produce requested records (Cal. Lab. Code §§ 226, 1198.5); failure to provide information upon hiring (Cal. Lab. Code § 2810.5); failure to pay vested vacation time at termination, including with respect to the rate at which it was paid (Cal. Lab. Code §§ 227.3, 558); failure to reimburse all necessary business expenses, including but not limited to expenses related to cell phones, internet, home office expenses/supplies, job-related training courses, transportation, mileage, lodging, uniforms, and more (California Labor Code §§ 2802, 2804); unlawful deductions (California Labor Code § 221); violation of the IWC California Wage Orders; failure to provide accurate wage statements (Cal. Lab. Code §§ 226, 226.3, 558); failure to maintain records (Cal. Lab. Code § 226, 1174, 1174.5); and that arose on or before the date of preliminary settlement approval.

15. The Parties shall bear their own respective attorneys' fees and costs, except as otherwise provided for in the Settlement and approved by the Court.

16. The Court finds that the estimated Net Settlement Amount of $471,920.54 and the methodology used to calculate Individual Settlement Payments to Participating Class Members and Individual PAGA Payments to PAGA Group Members are fair and reasonable. The Court thus authorizes the Settlement Administrator to pay settlement allocations in accordance with the terms of the Settlement. Defendant shall ensure a wire transfer to a bank account designated by the Settlement Administrator no later than fourteen (14) calendar days after the Effective Date (as that term is defined in the Settlement) for the Gross Settlement Amount plus Defendant's separate portion of the employer-side payroll taxes.

17. Payment of Individual Settlement Payments and Individual PAGA Payments shall be sent by the Settlement Administrator via First Class U.S. Mail within thirty (30) days after the Effective Date. Payment to Class Counsel for its attorneys' fees and costs and payment to the LWDA will be due within thirty (30) days after the Effective Date. Checks shall be valid for 180 calendar days from the date of mailing (the "Check Cashing Deadline"), and the face of each check shall prominently state the Check Cashing Deadline, when the check will be voided. Class Members

who do not cash their settlement checks within 180 calendar days after mailing by the Settlement Administrator shall still be bound by the Settlement and the release of claims provided therein. It shall be presumed that each Class Member received his, her, or their Individual Settlement Payment (and PAGA Group Member payment, if applicable) on the date the payment was deposited in the United States mail, unless the payment is returned to the Settlement Administrator within the Check Cashing Deadline. Any check returned by the post office with a forwarding address will be re-mailed within five (5) calendar days by the Settlement Administrator to that forwarding address via First Class U.S. Mail. If no forwarding address is provided, the Settlement Administrator shall attempt to determine the correct address using all reasonably available sources, methods, and means, including, but not limited to, the "National Change of Address Database", skip traces, and direct contact by the Settlement Administrator with Participating Class Members, and it shall then perform a re-mailing within seven (7) calendar days of receiving a returned check. The Settlement Administrator need not take further steps to deliver checks to Participating Class Members whose re-mailed checks are returned as undelivered.

18. Pursuant to California Code of Civil Procedure section 384, following the expiration of the 180-day Check Cashing Deadline, should there be any uncashed checks, the Settlement Administrator shall transmit those amounts to the California Controller's Unclaimed Property Fund in the name of each Participating Class Member and/or PAGA Group Member who failed to cash their individual check prior to the void date.

19. In accordance with California Rule of Court 3.771(b), notice of this Final Approval Order and Judgment shall be given to the Class by the Settlement Administrator, who shall post a copy of this Final Approval Order and Judgment on its website, the address of which was provided to Class Members in the Class Notice.

20. This document shall constitute a Judgment for purposes of California Rules of Court, Rule 3.769(h).

21. This Final Approval Order and Judgment is intended to be a final disposition of the Action in its entirety and is intended to be immediately appealable. This final judgment resolves and extinguishes all claims released by the Settlement against Defendant and the Released Parties.

22. The obligations set forth in the Settlement are deemed part of this Final Approval Order and Judgment, and the Parties are ordered to carry out the Settlement according to its terms and provisions.

23. Following entry of this Final Approval Order and Judgment, and without affecting the finality thereof, pursuant to Code of Civil Procedure section 664.6 and Rules of Court, Rule 3.769(h), the Court shall retain exclusive and continuing jurisdiction over the above-captioned action and the Parties, including all Class Members and PAGA Group Members, solely for purposes of (i) enforcing this Settlement, (ii) addressing settlement administration matters, and (iii) addressing such post-Judgment matters may be appropriate under court rules or applicable law.

24. The Settlement is finally approved but is not an admission by Defendant or the Released Parties of the validity of any claims in this Action, or of any wrongdoing by Defendant o the Released Parties or of any violation of law. Neither this Order, the Settlement Agreement, nor any related document or action taken to carry out the Settlement may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, waiver of defenses, or liability whatsoever by or against Defendant or the Released Parties, nor shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding other than such proceedings as may be necessary to consummate or enforce the Settlement. Nothing in the Settlement or this Order is intended to extinguish or waive Defendant's rights to continue to oppose the merits of the claims in this Action or class treatment of the claims in the Action if the Settlement fails to become Effective as defined in the Settlement.

25. The Court sets a compliance hearing for July 24, 2026 at 10:30 a.m. in Department 22. Class Counsel are ordered to file a final report and declaration by the Settlement Administrator regarding the completion of settlement distribution activities no later than sixteen (16) court days prior to the Final Report Hearing.

26. Judgment in this matter is entered in accordance with the above findings.

**IT IS SO ORDERED.**

Dated: 11/7/25

HON. LAURI A. DAMRELL
**Judge of the Superior Court**